**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02425-GPG

**RASHOD JAMES**,

Plaintiff,

v.

**N. HAMAKER;**
**M. STRUBE;**
**FEDERAL BUREAU OF PRISONS;**
**M. ANTHONY;**
**J. ARMIJO;**
**EASTON, FNU;**
**J. MORABITO;**
**ERIC EARWIN;**
**T. K. COZZA-RHODES;**
**M. RIOS;**
**GAFFNEY, FNU;**
**ROMAIN, FNU;**
**SHEPHERD, FNU;**

Defendants.

---

**ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**

---

Plaintiff, Rashod James, is a federal prisoner in the custody of the Federal Bureau of Prisons (BOP). He currently is confined at the Florence High Penitentiary in Florence, Colorado. Mr. James has filed pro se a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) claiming his rights under the United States Constitution were violated. He seeks damages and injunctive relief.

The Court must construe the complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the operative complaint is deficient. For the reasons stated below, Plaintiff will be directed to file an amended complaint.

In his Complaint, Plaintiff claims that Defendants have labeled him a "snitch" in retaliation for filing administrative grievances and complaints on staff regarding the conditions of his confinement in the Segregated Housing Unit (SHU). He claims that labeling him a snitch places him in grave danger. He does not provide any dates for the occurrence of these events. Nor does he identify any inmates who allegedly assaulted him or any injuries that he has sustained as a result of allegedly being labeled a snitch.

In his next claim, he asserts that throughout his stay at the SHU he was denied clean laundry, hygiene and sanitation supplies, law library access, outdoor recreation and meaningful access to medical and psychology staff. Again, he provides no dates and does not provide any specificity as to which Defendant denied him which services, *etc*. His third claim asserts an equal protection claim alleging that there is a policy prohibiting interracial cellmates. Specifically, he claims that he is not allowed to cell with Jeremy Pinson, a well known jailhouse lawyer, because Pinson is Hispanic and Plaintiff is Black.

Mr. James cites the First and Eighth Amendment with respect to his claim of being labeled a snitch. To state a claim upon which relief can be granted for First Amendment retaliation, Plaintiff must plead facts indicating that he can plausibly prove three elements at trial: 1) that Plaintiff was engaged in constitutionally protected activity; 2) Defendants' actions caused Plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and 3) that Defendants' adverse actions were

substantially motivated by Plaintiff's exercise of constitutionally protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). To prevail on the causation element of a claim for retaliation, Plaintiff "must prove that ‘but for' the retaliatory motive, the incidents to which he refers ... would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). That is, "it is imperative that [P]laintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice; [P]laintiff[ ] must, rather, allege specific facts showing retaliation because of the exercise of ... constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *accord Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("[T]he inmate must allege more than his personal belief that he is the victim of retaliation."). It is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison and the restriction on retaliation does not change this role. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). Simply by engaging in protected activity an inmate does not become inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison. *Id*. Thus, a prisoner alleging retaliation must prove that but for the retaliatory motive, the incidents he claims were retaliatory, including disciplinary action, would not have taken place. *Id*. at 949–50. In addition an inmate must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights. *Peterson*, 149 F.3d at 1145. Thus, to establish a retaliation claim Plaintiff must demonstrate: 1) he was engaged in constitutionally protected activity; 2) defendant's actions caused plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and 3) defendant's adverse action was substantially motivated as a response to plaintiff's exercise of constitutionally protected conduct. *Allen v. Corrections*

*Corp. of America*, 524 F. App'x 460, 463 (10th Cir. 2013).

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. Amend. VIII. Certain conditions of confinement, if they inflict pain unnecessarily and wantonly, may constitute cruel and unusual punishment under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "An inmate making a direct challenge to conditions of confinement under the 8th Amendment, must show that, judged by contemporary standards of decency, the conditions either involve the wanton and unnecessary infliction of pain, that they are grossly disproportionate to the severity of the crime, or that they entail serious deprivation of basic human needs." *Georgacarakos v. Wiley*, 2010 WL 1291833 *11 (D. Colo. March 30, 2010) (internal quotation marks and citation omitted). "Prison officials must provide adequate food, clothing, shelter, and medical care to inmates, and take reasonable measures to guarantee those inmates' safety." *Id*. (citation omitted).

An Eighth Amendment claim includes both an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). As for the objective component, "extreme deprivations" are required to make out a conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). Thus, in a conditions-of-confinement case, a "sufficiently serious" deprivation is shown when "a prison official's act or omission ... result[s] in the denial of 'the minimal civilized measure of life's necessities.' " *Farmer*, 511 U.S. at 834 (quoting *Rhodes v.*

*Chapman*, 452 U.S. 337, 347 (1981)). The subjective component follows from the principle that " 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' " *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297). The "deliberate indifference" subjective standard applies to claims of inhumane conditions of confinement. *Wilson*, 501 U.S. at 303–04. A finding of deliberate indifference requires a showing that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

As to the objective component, Mr. James' allegations do not state a claim for deprivation "of the minimal measure of life's necessities," as required to state a claim upon which relief can be granted pursuant to the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 36 (1993) (allegations were not sufficient to show exposure "to a risk that is so grave that it violates contemporary standards of decency"); *Estate of DiMarco v. Wyoming Department of Corrections, Division of Prisons,* 473 F.3d 1334, 1337–38 (10th Cir. 2007) (conditions of confinement in most restrictive housing pod "met the basic necessities of life"); *Trujillo v. Williams*, 465 F.3d 1210, 1225 n. 17 (10th Cir. 2006) (allegations of limited access to education, employment, religious programming, housing assignment, recreation time and equipment, the telephone, and the commissary did not state an Eighth Amendment claim) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)); *Smith v. Romer*, 1997 WL 57093 at *2 (10th Cir. 1997) (unpublished) (allegations of twenty-three hours per day of confinement, meals in cells, limited vocational, educational and recreational services offered through television, and light always on failed to state an

Eighth Amendment claim).

The general conditions which Mr. James alleges do not rise to the serious level implicating a violation of his Eighth Amendment rights. As to the subjective component, Mr. James has not alleged that Defendants kept him in the SHU with deliberate indifference to a risk of harm. *See Farmer*, 511 U.S. at 837 (“the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference”). Mr. James' allegations do not state a claim of “subjective recklessness” of Defendants. *Farmer*, 511 U.S. at 839–40.

Further, Mr. James' allegations are too vague and conclusory to state a claim upon which relief can be granted. Other than general conclusory allegations of harsh conditions, Mr. James has not sufficiently alleged specific dates, circumstances, or conduct by the named Defendants. Nor has he identified an objective harm which he has sufferred. In sum, Mr. James' allegations are not adequate to state an Eighth Amendment violation.

Plaintiff also complains that he is not being permitted to receive assistance from a jailhouse lawyer and that he has not received adequate library time. These allegations may be construed as purporting to state that he was denied access to court in violation of the First Amendment. A prisoner's constitutional right of "access to court" first was discussed in *Bounds v. Smith*, 430 U.S. 817 (1977). The issue in *Bounds* was whether States must protect the right of access to the courts by providing inmates with law libraries or alternative sources of legal knowledge. *Bounds*, 430 U.S. at 817. The Court determined that the States did have such an obligation and held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or

adequate assistance from persons trained in the law." *Id*. at 828.

Almost twenty years later, in *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court effectively repudiated much of its prior holding in *Bounds*. In *Casey*, the Supreme Court held that *Bounds* did not recognize an independent right of prisoners to have an adequate law library or legal assistance; instead, it concerned the established right of access to the courts. *Casey,* 518 U.S. at 351. Thus, the *Casey* Court held that, in order to successfully challenge a denial of this right of access to the courts, it is not enough for an inmate to establish that the law library or legal assistance provided was inadequate; rather, he must establish that such inadequacies caused him actual harm.

In *Christopher v. Harbury*, 536 U.S. 403 (2002), the Supreme Court set forth specific criteria that a court must consider in determining whether a plaintiff has alleged a viable claim of right to access to the courts. Specifically, the Supreme Court held that, in order to state a claim for denial of access to courts, a party must identify all of the following in the complaint: 1) a non-frivolous, underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Christopher*, 536 U.S. at 415. The Court explained that the first requirement mandated that the plaintiff specifically state in the complaint the underlying claim in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure to the same degree as if the underlying claim was being pursued independently. *Christopher*, 536 U.S. at 417. In this regard, the statement must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that the "the ‘arguable' nature of the underlying claim is more than hope." *Id*. The second requirement requires a Plaintiff to clearly allege in the Complaint the official acts that frustrated the

underlying litigation. Third, a Plaintiff must specifically identify a remedy that may be awarded as recompense in a denial-of-access case that would not be available in any other future litigation. *Id*. at 414.

Here, Plaintiff has failed to identify any legal action he was unable to pursue. Nor has he alleged a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Thus, his allegations do not state a denial of access to courts.

Plaintiff also cites an Equal Protection violation. The Equal Protection Clause prohibits discrimination by government which either "burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Vacco v. Quill*, 521 U.S. 793, 799 (1997). Again, Mr. James has not sufficiently alleged specific dates, circumstances, or conduct by the named Defendants.

The complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand

for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Court has reviewed the Complaint and finds that Plaintiff fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff fails to provide a short and plain statement of his claim showing he is entitled to relief because he fails to provide specific factual allegations with respect to each constitutional violation in support of his individual claims.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

Plaintiff is required to assert personal participation by properly named defendants in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th

Cir. 1976). **To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right**. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, **TO STATE A CLAIM IN FEDERAL COURT PLAINTIFF MUST EXPLAIN (1) WHAT A DEFENDANT DID TO HIM; (2) WHEN THE DEFENDANT DID IT; (3) HOW THE DEFENDANT'S ACTION HARMED HIM; AND (4) WHAT SPECIFIC LEGAL RIGHT THE DEFENDANT VIOLATED AS TO EACH AND EVERY CLAIM.** *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). Accordingly, in the Amended Complaint, Plaintiff must allege specific facts to show how each named Defendant personally participated in an alleged deprivation of his constitutional rights. Plaintiff has failed to sufficiently comply with this requirement, *i.e.*, no dates, no specific instances alleged by specific defendants, *etc*.

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly

> plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199. Therefore, Plaintiff should name as Defendants only those persons he contends actually violated his federal rights while acting under color of law.

In addition, Plaintiff has named the BOP as a party to this action. Plaintiff's claims for money damages against BOP under *Bivens* are barred by sovereign immunity. "The concept of sovereign immunity means that the United States cannot be sued without its consent." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Federal courts lack subject matter jurisdiction over claims for damages against the United States where the United States has not waived its sovereign immunity. *Iowa Tribe of Kan. and Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010); *Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir. 2006). Only Congress can waive the sovereign immunity of the United States. *Merril Lynch, Pierce, Fenner & Smith, Inc.*, 960 F.2d at 913. Congress has not extended the *Bivens* remedy to federal agencies. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71–72 (2001); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Thus, Plaintiff cannot bring a *Bivens* action for damages against BOP. Plaintiff has not alleged

that the United States has waived its sovereign immunity by consenting to being sued.

Moreover, under the PLRA, Mr. James was required to exhaust completely his available administrative remedies prior to bringing his claims in federal court. "Since the PLRA makes exhaustion a precondition to filing a suit, an action brought before administrative remedies are exhausted must be dismissed...." *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (an "inmate who begins the grievance process but does not complete it is barred from pursuing a ... claim under the PLRA for failure to exhaust his administrative remedies.").

Exhaustion in cases covered by § 1997e(a) is not within the court's discretion, but is mandatory. "[E]xhaustion requirements are designed to . . . give the agency a fair and full opportunity to adjudicate their claims." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Full and proper exhaustion of administrative remedies is required, and entails utilizing "all steps that the agency makes available, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90.

The administrative remedy process available to inmates in federal custody is the BOP's Administrative Remedy Program. The BOP employs a four-step process to address inmate claims. First, inmates must attempt to informally resolve the issue before filing a request for administrative remedy. 28 C.F.R. § 542.13(a). Second, if an inmate is unable to informally resolve his complaint, he may file a formal written complaint (form B-9), within 20 calendar days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.14(a). The inmate must date and sign the request and submit it to the institutional staff member designated to receive such requests (ordinarily a correctional counselor). 28 C.F.R. § 542.14(c)(4). The warden has 20 calendar days in which to respond. 28 C.F.R.

§ 542.18. If an inmate is not satisfied with the warden's response, he may submit an appeal on form B-10 to the Regional Director within 20 calendar days from the date of the warden's response. 28 C.F.R. § 542.15(a). The Regional Director has 30 calendar days in which to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the General Counsel within 30 calendar days from the date of the Regional Director's response. 28 C.F.R. § 542.15(a). The General Counsel has 40 calendar days to respond. 28 C.F.R. § 542.18. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level. Id.

Where an inmate reasonably believes a matter is sensitive and would endanger his safety or well-being if its substance were widely known, the inmate may submit his initial complaint directly to the Regional Manager instead of the Warden. 28 C.F.R § 542.14(d). The inmate must clearly mark "Sensitive" upon the request and explain, in writing, the reason for not submitting it at the institution. If the Regional Administrative Remedy Coordinator agrees that the request is sensitive, the request is accepted; otherwise, the request is not accepted and the inmate is advised in writing of that determination. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden, who shall allow a reasonable extension of time for such a resubmission. *Id*.

The general rule that *pro se* pleadings must be construed liberally has limits and “the court cannot take on the responsibility of serving as the litigant’s attorney in constructing arguments and searching the record.” *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Plaintiff must file an amended complaint if he wishes to pursue his claims in this action. Accordingly, it is

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file an amended complaint that complies with this Order. It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the amended complaint. It is

**FURTHER ORDERED** that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED December 16, 2015, at Denver, Colorado.

BY THE COURT:

/s Gordon P. Gallagher
Gordon P. Gallagher
United States Magistrate Judge