## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02425-GPG

**RASHOD JAMES**,

     Plaintiff,

v.

**N. HAMAKER;**
**M. STRUBE;**
**FEDERAL BUREAU OF PRISONS;**
**M. ANTHONY;**
**J. ARMIJO;**
**EASTON, FNU;**
**J. MORABITO;**
**ERIC EARWIN;**
**T. K. COZZA-RHODES;**
**M. RIOS;**
**GAFFNEY, FNU;**
**ROMAIN, FNU;**
**SHEPHERD, FNU;**

     Defendants.

---

### ORDER DENYING MOTION TO CONSOLIDATE AND MOTION TO APPOINT COUNSEL AND GRANTING EXTENSION OF TIME

---

Plaintiff, Rashod James, is a federal prisoner in the custody of the Federal Bureau of Prisons (BOP). He currently is confined at the Florence High Penitentiary in Florence, Colorado. Mr. James has filed *pro se* a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) claiming his rights under the United States Constitution were violated. He seeks damages and injunctive relief.

In his Complaint in this action, Plaintiff claims that Defendants have labeled him a

"snitch" in retaliation for filing administrative grievances and complaints on staff regarding the conditions of his confinement in the Segregated Housing Unit (SHU). He claims that labeling him a snitch places him in grave danger. He does not provide any dates for the occurrence of these events. Nor does he identify any inmates who allegedly assaulted him or any injuries that he has sustained as a result of allegedly being labeled a snitch.

In his next claim, he asserts that throughout his stay at the SHU he was denied clean laundry, hygiene and sanitation supplies, law library access, outdoor recreation and meaningful access to medical and psychology staff. Again, he provides no dates and does not provide any specificity as to which Defendant denied him which services, *etc.* His third claim asserts an equal protection claim alleging that there is a policy prohibiting interracial cellmates. Specifically, he claims that he is not allowed to cell with Jeremy Pinson, a well known jailhouse lawyer, because Pinson is Hispanic and Plaintiff is Black.

Because the Court found that the Complaint was deficient, on December 16, 2015, it ordered Plaintiff to file an amended complaint to clarify his claims (ECF No. 7).

On January 6, 2015, Plaintiff filed a Motion to Consolidate Prisoner Lawsuits and for Extensions to Jointly Amend Suit (ECF No. 8). In this motion, he asks the Court to consolidate this action with the action he filed in Civil No. 15-2700 in this Court. In that action, Plaintiff claims that Defendants have denied him medical care, used excessive force and have retaliated against him by labeling him as a snitch. Because the Court found that the Complaint in that action also was deficient, on December 17, 2015, it ordered Plaintiff to file an amended complaint to clarify his claims (ECF No. 5). On January 6, 2015, Plaintiff filed a Motion to Consolidate Prisoner Lawsuits and for Extensions to Jointly Amend Suit (ECF No. 8) wherein he asks the Court to consolidate his two lawsuits.

With respect to his request to consolidate his lawsuits, the Court notes that the claims in each case appear to be similar. Plaintiff has the discretion to choose to litigate his claims in a single action simply by filing an amended complaint in one action containing all of his claims and voluntarily moving the Court to dismiss the other lawsuit. Accordingly, at this juncture, the Court will deny the motion to consolidate to allow Plaintiff to choose his own course of action.

Also before the Court is Plaintiff's Motion to Appoint Counsel, ECF No. 9. The Court recognizes that there is neither a constitutional nor a statutory right to counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Notwithstanding this lack of a constitutional or statutory right to appointed counsel, in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." The decision to appoint counsel is left to the sound discretion of the trial court. A district court's appointment of counsel pursuant to this statute is discretionary and must be made on a case-by-case basis. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Tabron*, 6 F.3d at 157–58. The burden is upon the plaintiff to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel. *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973). This contemplates an examination of the state of the record at the time the request is made. *See Jackson v. Turner*, 442 F.2d 1303 (10th Cir. 1971).

The exercise of this discretion, however, is guided by certain basic principles. *Gordon v. Gonzalez*, 232 F. App'x 153, 156 (3d Cir. 2007). As a preliminary matter, the plaintiff's claim must have some merit in fact and law. *McCarthy v. Weinberg*, 753 F.2d

836, 838 (10th Cir. 1985). If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors in considering a motion to appoint counsel: 1) the plaintiff's ability to present his or her own case; 2) the complexity of the legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such an investigation; 4) the amount a case is likely to turn on credibility determinations; 5) whether the case will require the testimony of expert witnesses; and 6) whether the plaintiff can attain and afford counsel on his own behalf. *See, e.g.*, *Hill v. SmithKline Beecham Corp.*, 393 F.3d 111, 1115 (10th Cir. 2004) (holding that district courts should evaluate the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims); *Montgomery v. Pinchak*, 294 F.3d 492, 498–99 (3d Cir. 2002); *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971).

Analysis of the above factors suggests that counsel should not be appointed in this case at the present time. Even though James expresses concern about his ability to litigate this case on his own and explains that he has been unsuccessful in getting celled with the inmate who assisted him in filing this case, James does not state that he has attempted to obtain assistance from a new source and has been unsuccessful. The Court further notes that he has been able to present his claims in a fairly comprehensible manner (albeit not in compliance with Rule 8) and that he has communicated with the Court in a timely manner. The Court therefore cannot conclude at this time that he lacks the ability to present his own case. The Court also finds that the legal issues presented by this case are not overly complex and that it appears that no factual investigation is necessary at this point

in the proceedings. In addition, the Court finds premature any consideration as to whether this case will turn on credibility determinations or whether expert witness testimony will be required. Finally, while it is apparent from James' representations in the instant Motion that he is unable to afford counsel, he does not state whether he attempted to secure counsel to represent him on a volunteer basis before placing his request for the appointment of counsel before this Court. As such, the Court cannot conclude that he is unable to attain counsel on his own behalf. Finally, this case is in its very early stages. Thus, in these circumstances, the court will deny without prejudice and will reconsider the issue should the need for counsel arise.

However, the Court notes that James asserts that he is mentally ill, mentally retarded and illiterate. Federal Rule of Civil Procedure 17(c)(2) provides that "the court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." In *Powell v. Symons*, 680 F.3d 301 (3d Cir. 2012), the United States Court of Appeals for the Third Circuit provided guidance as to the circumstances that trigger a district court's obligation to conduct an inquiry under Rule 17(c)(2). The Court stated, in pertinent part:

> [a] district court need not inquire *sua sponte* into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity. That is an important limiting factor as to the application of Rule 17. The federal courts are flooded with *pro se* litigants with fanciful notions of their rights and deprivations. We cannot expect district judges to do any more than undertake a duty of inquiry as to whether there may be a viable basis to invoke Rule 17. That duty of inquiry involves a determination of whether there is verifiable evidence of incompetence.

*Powell,* 680 F.3d at 307 (citations omitted). In defining the type of evidence that would constitute "verifiable evidence of incompetence," the Powell Court quoted the United States

Court of Appeals for the Second Circuit's decision in *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 201 (2d Cir. 2003), in which that Court found that a district court's failure to consider the application of Rule 17 likely would constitute an abuse of discretion ' "[i]f a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent.' " *Powell*, 680 F.3d at 307 (quoting *Ferrelli*, 323 F.3d at 201).  See also *Allen v. Calderon*, 408 F.3d 1150 (9th Cir. 2005).

In the instant case, James asserts that he is mentally ill, mentally retarded and illiterate.  As evidence, he has attached various medical records from over ten years ago 2005.  None of these mental evaluations conclude that James is mentally incompetent or mentally retarded.  Rather, they simply state that he has below level intelligence.  Thus, James has not provided any verifiable evidence of mental incompetence, as defined above, so as to trigger this Court's obligation to undertake a Rule 17 inquiry.  However, inasmuch as the denial of the instant Motion requesting the appointment of counsel will be without prejudice, if James has verifiable evidence of mental incompetence that he wishes to present to the Court, he may do so by submitting it along with a properly filed Motion renewing his request for the appointment of counsel.  This Court then will determine if an inquiry under Rule 17 is appropriate.  Accordingly, it is

**ORDERED** that Plaintiff's Motion to Consolidate Prisoner Lawsuits and for Extension to Jointly Amend Suit (ECF No. 8) is **DENIED** to the extent it seeks to consolidate his complaints but **GRANTED** to the extent it seeks an extension of time to file his amended

complaint.  It is

**FURTHER ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file an amended complaint that complies with the Order dated December 16, 2015 and may include in his Complaint all claims that he is attempting to raise in Civil Action 15-2700 if he desires to voluntarily dismiss that action.  It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the amended complaint.  It is

**FURTHER ORDERED** that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.  It is

**FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 9) is **DENIED** without prejudice at this time.

DATED January 8, 2016, at Denver, Colorado.

BY THE COURT:

/s Gordon P. Gallagher  
Gordon P. Gallagher  
United States Magistrate Judge