IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02425-GPG

RASHOD JAMES,

    Plaintiff,

v.

N. HAMAKER;
M. STRUBE;
FEDERAL BUREAU OF PRISONS;
M. ANTHONY;
J. ARMIJO;
EASTON, FNU;
J. MORABITO;
ERIC EARWIN;
T. K. COZZA-RHODES;
M. RIOS;
GAFFNEY, FNU;
ROMAIN, FNU;
SHEPHERD, FNU;

    Defendants.

---

AMENDED ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

In an effort to clarify the Court's requirements for Mr. James' Amended Complaint in this action, the Court is issuing this Amended Order to File an Amended Complaint, which supersedes the Court's previous Order to Amend dated December 16, 2015 (ECF No. 7).

Plaintiff, Rashod James, is a federal prisoner in the custody of the Federal Bureau of Prisons (BOP). He currently is confined at the Florence High Penitentiary in Florence, Colorado. Mr. James has filed *pro se* a Prisoner Complaint pursuant to

1

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) claiming his rights under the United States Constitution were violated. (ECF No. 1). He has been granted leave to proceed *in forma pauperis*. (ECF No. 6). Plaintiff seeks damages and injunctive relief.

The Court must construe the complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be directed to file an amended complaint.

### I.  Parties Sued

First, the Court notes that Mr. James is suing the Bureau of Prisons and multiple prison officials. He does not specify if he is suing the prison officials in their official or individual capacity. *Bivens* creates a cause of action only against federal officials in their individual capacities for money damages; it does not create a cause of action against the United States (or the Bureau of Prisons). *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005); *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). In addition, claims against the prison officials in their official capacity cannot proceed because "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity." *Id.*

However, Plaintiff may pursue claims for injunctive relief against the BOP or the prison officials in their official capacity. The Administrative Procedures Act, 5 U.S.C. § 702, waives sovereign immunity in most suits for claims "other than money damages." *Id.* at 1238-39 (finding that the Bureau of Prisons is an agency subject to the waiver of

2

sovereign immunity in § 702, and therefore sovereign immunity did not bar prisoner's Eighth Amendment claim for denying dental care).

## II. Claims

In his Complaint, Plaintiff asserts claims based on First, Fifth, and Eighth Amendment violations.

### A. First Claim

In his first claim, Plaintiff alleges First and Eighth Amendment violations with respect to his claim of prison officials labeling him a snitch. Plaintiff alleges that Defendants Hamaker, Strube, and Earwin have told other inmates he is a "snitch" in retaliation for filing administrative grievances and complaints on staff regarding the conditions of his confinement in the Segregated Housing Unit (SHU). He claims that labeling him a snitch places him in grave danger. He alleges that Defendants Cozza-Rhodes, Rios, and Earwin, are the upper management staff at USP Florence and they have fostered a culture, custom and practice of retaliation against inmates and staff who file grievances, lawsuits, or EEO Complaints. He does not provide any dates for these events.

In his amended complaint, Plaintiff should provide dates (or approximate dates) of the events alleged. The Court is also aware that Mr. James is pursuing a similar, if not identical, claim in another action in this court, see *James v. Robb*, 15-cv-02700-GPG. Mr. James is instructed that he cannot pursue the same claim in two separate actions.

### B. Second Claim

In his second claim, he asserts that throughout his stay at the SHU he was "deprived of clean laundry, hygiene and sanitation supplies, law library access, outdoor recreation and meaningful access to medical and psychology staff on 92% of the days spent in SHU." (ECF No. 1 at 7).

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. Amend. VIII. "An inmate making a direct challenge to conditions of confinement under the 8th Amendment, must show that, judged by contemporary standards of decency, the conditions either involve the wanton and unnecessary infliction of pain, that they are grossly disproportionate to the severity of the crime, or that they entail serious deprivation of basic human needs." *Georgacarakos v. Wiley*, 2010 WL 1291833 *11 (D. Colo. March 30, 2010) (internal quotation marks and citation omitted). "Prison officials must provide adequate food, clothing, shelter, and medical care to inmates, and take reasonable measures to guarantee those inmates' safety." *Id.* (citation omitted).

An Eighth Amendment claim includes both an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). As for the objective component, "extreme deprivations" are required to make out a conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). Thus, in a conditions-of-confinement case, a "sufficiently serious"

deprivation is shown when "a prison official's act or omission ... result[s] in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'"  *Farmer*, 511 U.S. at 834 (quoting *Wilson,* 501 U.S. at 297). The "deliberate indifference" subjective standard applies to claims of inhumane conditions of confinement. *Wilson*, 501 U.S. at 303–04.  A finding of deliberate indifference requires a showing that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.   Under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.   This standard recognizes a balance between "the exigencies of running a prison" and the "'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" *DeSpain*, 264 F.3d at 973 (quoting *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).   Moreover, "[t]he Eighth Amendment 'does not mandate comfortable prisons,' and conditions imposed may be 'restrictive and even harsh.'" *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (citation omitted).

      Mr. James' allegations are too vague and conclusory to state a claim upon which relief can be granted.  As to the objective component, Mr. James' allegations do not state a claim for deprivation "of the minimal measure of life's necessities," as required to state a claim upon which relief can be granted pursuant to the Eighth Amendment.  Beyond stating that he was denied access to certain things 92% of the time, he provides no allegations as to the specific deprivation or the time period or duration of each

deprivation.  He also uses the vague term of "hygiene and sanitary supplies," instead of identifying the specific items.

As to the subjective component, Mr. James has not alleged that Defendants kept him in the SHU or deprived him of certain things with deliberate indifference to a risk of harm. *See Farmer*, 511 U.S. at 837 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").  Mr. James' allegations do not state a claim of "subjective recklessness" of Defendants. *Farmer*, 511 U.S. at 839–40.  In sum, Mr. James' vague and conclusory allegations are not adequate to state an Eighth Amendment violation.

Plaintiff also alludes to a claim for deliberate indifference to his medical needs by stating that the Defendants failed to obtain appropriate psychological and psychiatric care for him even after he cut his wrists with a razor blade and set his own cell on fire. However, this is repetitive of a claim filed in his separate lawsuit in this court, *see James v. Robb*, 15-cv-02700-GPG.  Mr. James is again reminded that he cannot pursue the same claim in two separate actions.

**C.  Third Claim**

His third claim asserts an equal protection claim alleging that there is a policy prohibiting interracial cellmates.  Specifically, he claims that he is not allowed to cell with Jeremy Pinson because Mr. Pinson is Hispanic and Plaintiff is Black.

The Equal Protection Clause of the Fourteenth Amendment forbids the government from "deny[ing] to any person within [their] jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473

U.S. 432, 439 (1985).  Here, Mr. James again has not sufficiently alleged specific dates for his claim.  Moreover, he has not alleged that the Defendants treated him differently from other prisoners who were similarly situated. *See Brown v. Montoya*, 662 F.3d 1152, 1172–73 (10th Cir. 2011) ("[T]o assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them."(internal quotation marks omitted)); *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (stating that even in "class of one" equal protection claim, the plaintiff must show that he "has been intentionally treated differently from others similarly situated.").

### III.  Conclusion

Mr. James is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Therefore, Plaintiff is directed to file an amended complaint if he wishes to pursue his claims in this action.  Accordingly, it is

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file an amended complaint that complies with this Order.  It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the amended complaint. It is

**FURTHER ORDERED** that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED February 3, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge